STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, v.
DONALD R. FRANKLAND, DEFENDANT-RESPONDENT.

Argued January 9, 1968—Decided February 19, 1968.

222

Mr. Harold N. Springstead, Assistant Prosecutor, argued the cause for plaintiff-appellant (Mr. Guy W. Calissi, Bergen County Prosecutor, attorney and of counsel; Mr. Thomas J. Gallahue, Jr., Special Assistant Prosecutor, on the brief).

Mr. William E. Logan argued the cause for defendant-respondent (Messrs. Logan & Logan, attorneys).

The opinion of the court was delivered

PER CURIAM. After a jury trial in the Bergen County Court the defendant was convicted of willfully setting fire to a motor vehicle in violation of N. J. S. 2A:89–2. At the trial the defendant testified that he was too intoxicated at the time of the alleged offense to recall his activities. Notwithstanding this claim of lack of memory due to intoxication, the defendant denied committing the act. Two police officers testified that at 2:00 o'clock in the morning of March 13, 1965, they followed the defendant, whom they had under surveillance, into an apartment house parking lot. They saw the defendant open the right rear door of an automobile belonging to one of the tenants of the apartment house; he leaned into the car and remained bending over the back seat for about five minutes. The defendant then left the vehicle and entered the apartment house, where his parents lived. About two minutes later the back of the vehicle burst into flames. There was also testimony by the police officers that after the defendant was taken to police headquarters he admitted setting the automobile on fire because he was angry with the captain of the fire company who had forbidden him to ride on the

fire trucks.[1] The expert testimony showed that the fire could not have been accidental but was set deliberately.

The Appellate Division reversed the conviction and ordered a new trial, holding that the trial judge erred in charging the jury on the defense of intoxication because the defendant had never urged his intoxication as a defense. The Appellate Division concluded that the only defense raised was a denial that defendant had set the fire and therefore the charge was prejudicial since it might have misled the jury into a belief that the defendant admitted the act but sought to excuse it because of his intoxicated condition. We granted the State's petition for certification. 49 *N. J.* 357 (1967).

We reverse and reinstate the conviction. Clearly, the question of defendant's intoxication was raised by the evidence adduced at trial. The defendant testified that he had consumed fifteen drinks of scotch and water and could not remember the events of the evening. Surely under these circumstances the jury was entitled to be instructed on the effect of a finding by them that the defendant committed the act but did not know what he was doing. The trial judge was well within his discretion in charging on a question of law raised by the evidence in the case, even though the instruction was not requested by either party. It was in the interest of justice to give to the jury for their guidance the applicable law on this subject placed before them by the evidence, and the trial court did not err in so doing.[2] *State v. Sawyer,* 365 *S. W.* 2d 487, 495

---

[1] The case was tried prior to the decision in *Miranda v. State of Arizona,* 384 *U. S.* 436, 86 *S. Ct.* 1602, 16 *L. Ed.* 2d 694 (1966) and therefore the confession rules promulgated in that case are inapplicable. *Johnson v. State of New Jersey,* 384 *U. S.* 719, 86 *S. Ct.* 1772, 16 *L. Ed.* 2d 882 (1966). Nor does *Escobedo v. State of Illinois,* 378 *U. S.* 478, 84 *S. Ct.* 1758, 12 *L. Ed.* 2d 977 (1964) apply because defendant did not request counsel. *State v. Ordog,* 45 *N. J.* 347, 361 (1965). In any event, the defendant does not challenge the admissibility of this evidence.

[2] There is no contention that the trial judge misstated the law regarding the subject of intoxication.

(*Mo. Sup. Ct.* 1963). Indeed, had the trial judge failed to charge on this evidence of intoxication, the defendant well might argue that such failure was reversible error despite the lack of a request to so charge. See *People v. Kent,* 10 *A. D. 2d* 662, 196 *N. Y. S. 2d* 154 (*App. Div., 4th Dept.* 1960).

Nor did the charge pertaining to intoxication have any tendency to mislead the jury. The charge clearly informed the jury that the State had the burden of proving beyond a reasonable doubt that the defendant set fire to the automobile. The jury was made fully aware that the question whether the defendant had set the fire in the automobile was a contested issue which they were to resolve.

The other contentions of the defendant relating to the trial court's rulings on the admissibility of evidence need no discussion. We are satisfied that the challenged rulings do not constitute reversible error. *R. R.* 1:5–1(a).

The judgment of the Appellate Division is reversed and the judgment of conviction entered in the Bergen County Court is reinstated.

*For reversal* — Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—7.

*For affirmance*—None.