Commonwealth *v.* Geiger, Appellant.

Argued November 30, 1973. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*William J. Ober,* with him *Meffe & Ober,* for appellant.

*John J. Driscoll,* Assistant District Attorney, with him *Henry A. Martin,* Assistant District Attorney, and *Albert M. Nichols,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE O'BRIEN, March 25, 1974:

Appellant, George Patrick Geiger, was tried by a judge and jury and found guilty of murder in the first degree in May of 1960. Post-trial motions were filed, but were withdrawn prior to their argument. In 1970,

appellant filed a Post Conviction Hearing Act petition, alleging, *inter alia,* that he had been denied his right to appeal. The court below held a hearing and granted appellant the right to file motions for a new trial, nunc pro tunc. These motions were denied and appellant now comes before us on a direct appeal.

In this appeal, appellant challenges the admissibility of certain incriminating statements given by him to members of the Ohio State Highway Patrol, who apprehended him after he fled the scene of the homicide in Westmoreland County. Although the Ohio officers advised him that he did not have to give a statement, that if he did give a statement, it would be used against him in court, and that he could have an attorney if he desired one, the warnings given to him did not comport with the warnings required by the United States Supreme Court in the case of *Miranda v. Arizona,* 384 U.S. 436 (1966). Even though *Miranda* was not decided until six years after his trial, appellant argues that since his case is before us on direct appeal, he is entitled to the benefits of the *Miranda* decision. We do not agree. See *Commonwealth v. Willman,* 434 Pa. 489, 255 A. 2d 534 (1969).

In the case of *Johnson v. New Jersey,* 384 U.S. 719 (1966), the court decided that *Miranda,* as well as *Escobedo v. Illinois,* 378 U.S. 478 (1964), should apply only to cases commenced after those decisions were announced. As the court explained in an opinion by Chief Justice Earl WARREN: "All of the reasons set forth above for making Escobedo and Miranda non-retroactive suggest that these decisions should apply only to trials begun after the decisions were announced. . . ."

As for appellant's contention that his pretrial statements were not voluntary, this, too, must fail. The record indicates that on December 20, 1971, a hearing was held on the voluntariness of appellant's confessions, as

is required by the United States Supreme Court's decision in *Jackson v. Denno*, 378 U.S. 368 (1964), which has been given retroactive effect. See *Commonwealth ex rel. Butler v. Rundle*, 429 Pa. 141, 239 A. 2d 426 (1968). At that hearing, the court found that appellant was given an opportunity to eat and smoke, was advised that he need not give a statement, but that if he chose to give one, it would be used against him in court, and was not subjected to any abuse or threats of abuse. Since the record amply supports the court's finding, it will not be disturbed on appeal. The fact that the *Jackson-Denno* hearing did not precede submission of the statements to the jury, because the need for such a hearing was not decided until four years after the trial of this case, makes no difference, since the independent hearing conducted by the court determined the confessions to be admissible.

Appellant next objects to the trial court's failure to grant appellant's motion for the withdrawal of a juror, when two Commonwealth witnesses testified that appellant had told the victim and the victim's family that he wanted them to "Suffer like I suffered when I was in jail." According to appellant, this testimony constituted inadmissible references to his previous criminal record, citing *Commonwealth v. Chapasco*, 436 Pa. 143, 258 A. 2d 638 (1969). We do not agree. The statements made by appellant to the victim and the victim's family were intimately related to the crimes charged, showing the state of appellant's mind at the time the crimes were committed. As such, they were properly admissible.

Appellant raises three other allegations of error. He first contends that his constitutional rights were abrogated when he was arraigned by a justice of the peace who traveled to the police station rather than conducting the arraignment at his own office. However, appellant does not explain how the office chosen

for the arraignment prejudiced his rights. As for his contention that his waiver of a preliminary hearing without benefit of counsel was improper, since he has shown no prejudice, there is nothing which would render such a waiver invalid. Appellant finally argues that the record clearly indicates that the trial court's charge to the jury on the degrees of homicide thoroughly confused them, thereby necessitating a new trial. However, we note that appellant's counsel made no objection to the court's charge, nor were there any requests by counsel for additional instructions or explanations. We have concluded that the brief colloquy, upon which appellant relies to establish his allegation that the jury was hopelessly confused, is insufficient to upset the verdict reached by the jury after lengthy deliberations, since that verdict is amply supported by the record.

Judgment of sentence affirmed.