132 N.J. Super. 438 (1975)
334 A.2d 65
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JOSEPH GHAUL, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted February 11, 1975.
Decided February 27, 1975.
*439 Before Judges HALPERN, CRAHAY and ACKERMAN.
Mr. Stanley C. Van Ness, Public Defender of New Jersey, attorney for appellant (Mr. Edward Hannigan, Assistant Deputy Public Defender, of counsel, Mr. William L. Roughton, Jr., on the brief).
Mr. William F. Hyland, Attorney General of New Jersey, attorney for respondent (Mr. Richard J. Engelhardt, Deputy Attorney General, of counsel and on the brief).
*440 PER CURIAM.
Defendant was convicted by a jury of unlawfully receiving a stolen vehicle, in violation of N.J.S.A. 2A:139-3. He appeals from the judgment of conviction.
The State's proofs indicate that a locked car owned by William Absalom had been stolen. Police officer Robert Furth testified that at about 3:25 A.M., on December 7, 1973, he stopped a slowly driven car, containing two men, that was weaving from one side of the road to the other. While talking to defendant, who had been driving the car, the passenger ran away. He detected an odor of alcohol on defendant's breath and thought his driving was impaired. On questioning defendant it was ascertained that he had been driving without a license (it having been previously revoked). At first defendant said his passenger's name was Johnny Johnson, but at police headquarters gave his name as being Raymond Winkelspecht.
A distillation of defendant's testimony follows: He claimed he had been drinking all day with Winkelspecht, who offered to take him home. At about 2:30 A.M., Winkelspecht returned with a car that he assumed Winkelspecht owned and started to take him home. On the way defendant took over the driving of the car because Winkelspecht was driving too slowly. Winkelspecht was not produced as a witness.
Defendant argues the trial judge committed plain error in failing to instruct the jury that intoxication was a valid defense. We disagree. The high misdemeanor offense of receiving a stolen vehicle requires the State to prove a criminal intent, namely, receiving a vehicle "knowing it to have been stolen * * *." See State v. Bott, 53 N.J. 391 (1969). Such knowledge may be negated through voluntary intoxication. State v. Letter, 4 N.J. Misc. 395, 133 A. 46 (Sup. Ct. 1926), aff'd 104 N.J.L. 188 (E. & A. 1927); Annotation, "Voluntary Intoxication-Defense," 8 A.L.R.3d 1236 (1966). Therefore, a trial judge should charge on intoxication whether or not it is raised as a defense if the *441 evidence warrants the issue be presented for jury determination. State v. Frankland, 51 N.J. 221 (1968).
We are satisfied the evidence presented herein did not warrant an intoxication charge. Defendant's own testimony indicated he could think clearly. He was able to describe the events that occurred without contending his memory was impaired. He had sufficient presence of mind to take over the driving and to lie to the police as to the true name of his passenger. Officer Furth opined that defendant's driving was impaired, but that is a far cry from saying, or even inferring, that he was unable to form the criminal intent necessary to convict him of the crime charged.
In view of defendant's failure to request a charge on intoxication, and the lack of proof indicating such a degree of intoxication that would warrant an acquittal, the trial judge properly refrained from charging on intoxication. See State v. O'Connor, 42 N.J. 502, 511 (1964), cert. den. 379 U.S. 916, 85 S.Ct. 268, 13 L.Ed.2d 187 (1964). In any event, there was no plain error. State v. Macon, 57 N.J. 325, 337 (1971). It should also be noted that no exception was taken to the trial judge's charge on circumstantial evidence as it related to criminal knowledge.
Finally, defendant contends the trial judge erred in refusing to charge that the jury could convict defendant of a lesser included offense, namely, the disorderly offense under N.J.S.A. 2A:170-38, which proscribes the unlawful "use" of a motor vehicle. The simple answer is that a lesser included offense need not be charged unless there is a rational basis in the evidence for the jury to find that defendant was not guilty of the higher offense charged. State v. Saulnier, 63 N.J. 199 (1973). In addition, the proofs required to convict under the statutes involved are completely different. They are separate and distinct offenses. There was no error in refusing to give the requested charge.
Affirmed.