Commonwealth *v.* Melnyczenko, Appellant.

204

Submitted September 8, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Louis R. Rizzuto,* Assistant Public Defender, for appellant.

*Grant E. Wesner,* Deputy District Attorney, and *Robert L. VanHoove,* District Attorney, for Commonwealth, appellee.

OPINION BY JACOBS, J., February 2, 1976:

Appellant was found guilty after a jury trial of burglary and larceny.[1] Following the denial of his post-verdict motions and the imposition of sentence, the present appeal was taken. We find no merit in any of the issues raised on appeal and accordingly affirm the judgment of the court below.

At trial, the Commonwealth's evidence established that on April 18, 1972, appellant was observed by a neighbor in the vicinity of the residence of a Mr. and Mrs. Winfred Oberreit. The neighbor notified Mr. Oberreit who in turn contacted a Mr. Guenther, the manager of a country club in the area, and requested his assistance.

---

1. Appellant was prosecuted under the Act of June 24, 1939, P.L. 872, for burglary, §901, 18 P.S. §4901 (1963); larceny, §807, 18 P.S. §4807 (1963); and receiving stolen property, §817, 18 P.S. §4817 (1963).

Mr. Guenther and his employee, Mr. Breneiser, proceeded to the Oberreit residence. Upon a close examination of the house, Mr. Guenther noticed that one of the side doors had been forced open. Then, Mr. Breneiser observed appellant fleeing from the front of the house. Appellant ran to the golf course area of the local country club but was later apprehended there by a trooper of the Pennsylvania State Police. Although testimony disclosed that some change and two rings were missing from the house, a search of appellant on the day of his arrest produced none of the stolen property. Mr. Oberreit testified that after the arrest appellant offered to make restitution. The offer, however, was not accepted by Mr. Oberreit. No testimony was presented by the defense.

At the close of the charge to the jury, appellant's counsel requested the court to charge "on the lesser-included charges of burglary," which would be "illegal entry." Notes of Trial Testimony at 63. The request was refused. The jury returned a verdict of guilty on the charges of burglary and larceny, a demurrer having been sustained on the charge of receiving stolen property.

Appellant first argues that he was denied his right to counsel because he was not represented by counsel at the preliminary hearing. A review of the record discloses that appellant was informed by the district justice on two separate occasions, April 18, 1972, and April 28, 1972, of his right to have his own lawyer represent him and how to apply to the court for a lawyer if he could not afford to retain his own lawyer. On May 10, 1972, appellant was released on bail. However, when the preliminary hearing was held on August 7, 1972, nearly three months later, appellant appeared without an attorney. Although appellant at that time requested the assistance of an attorney, we agree with the court below that under the circumstances appellant had ample time in which to obtain counsel and that his failure to do so "can only be taken as a constructive waiver of counsel."

Opinion of lower court at 2. Furthermore, no specific prejudice has been demonstrated by appellant from the lack of counsel at the preliminary hearing. *See Commonwealth v. Geiger,* 455 Pa. 420, 316 A.2d 881 (1974).

Appellant's next argument is that the court below erred in permitting the introduction of testimony of Mr. Oberreit revealing that appellant offered while in custody of the police and without waiving his *Miranda* rights [*Miranda v. Arizona,* 384 U.S. 436 (1966)] to make restitution to the Oberreits. "In Miranda . . . the Supreme Court emphasized that warnings are not required in the absence of *police* interrogation." *Commonwealth v. Powell,* 459 Pa. 253, 258, 328 A.2d 507, 510 (1974) (emphasis added). In this case appellant concedes that the statement to Mr. Oberreit was made out of the hearing range of the police officers, appellant's brief at 7, and there is no evidence that the police prompted the making of this statement by the appellant. Under these circumstances, it would be unreasonable to find a violation of appellant's *Miranda* rights. Furthermore, the constitutional challenge to the admissibility of the statement was waived by not being raised in a pre-trial motion to suppress under Pa.R.Crim.P. 323. *Commonwealth v. Williams,* 454 Pa. 261, 311 A.2d 920 (1973). In all other respects the offer of restitution by appellant was admissible as evidence of "consciousness of guilt." *Cf. Commonwealth v. Osborne,* 433 Pa. 297, 249 A.2d 330 (1969).

Appellant's final argument is that the lower court erred when it refused to charge the jury on the lesser included offense of burglary, which is unlawful entry.[2] *Commonwealth v. Freeman,* 225 Pa. Superior Ct. 396, 313 A.2d 770 (1973). It is well-established that upon an indictment for a particular crime a defendant may be convicted of a lesser included offense. *Commonwealth v.*

---

2. Act of June 24, 1939, P.L. 872, §901.1, 18 P.S. §4901.1 (1963)..

*Nace,* 222 Pa. Superior Ct. 329, 295 A.2d 87 (1972). It is equally as clear that ". . . if under the evidence given the defendant in a criminal case must either be guilty of the grade of offense charged or entitled to an acquittal, the jury need not be instructed as to lower grades to which the evidence does not relate." *Commonwealth v. Dessus,* 214 Pa. Superior Ct. 347, 363-64, 257 A.2d 867, 875, *allocatur refused,* 214 Pa. Superior Ct. *xl* (1969), *quoting* 44 Am. Jur., *Rape,* §124 (1944). *See also United States v. Marin,* 513 F.2d 974 (2d Cir. 1975) ("A defendant is entitled to a charge on a lesser crime only if the evidence warrants it."); *People v. Romero,* 48 Cal. App. 3d 752, 121 Cal. Rptr. 800 (1975) ("The general rule . . . is that the trial court need not, even if requested, instruct the jury on the existence and definition of a lesser and included offense if the evidence was such that the defendant, if guilty at all, was guilty of something beyond the lesser offense."); *State v. Ghaul,* 132 N.J. Super. 438, 334 A.2d 65 (1975) ("a lesser included offense need not be charged unless there is a rational basis in the evidence for the jury to find that defendant was not guilty of the higher offense charged.")

In *Commonwealth v. Dessus,* supra, the trial court refused to charge the jury on fornication, the lesser included offense of rape. This Court affirmed noting that "[w]e have found no facts in this case which would give rise to the need to charge on fornication." *Id.* at 364, 257 A.2d at 875. Other courts have similarly refused to require a charge to the jury on a lesser included offense when there were no facts in the case affirmatively showing that the lesser included offense was committed rather than the greater offense. *See United States v. Marin,* supra; *United States v. Klugman,* 506 F.2d 1378 (8th Cir. 1974). "The mere possibility that the jury might believe part but not all of the testimony of the prosecuting witness is not sufficient to require the Court to submit to the jury the issue of the defendant's guilt or inno-

cence of a lesser offense than that which the prosecuting witness testified was committed." *State v. Lampkins,* 286 N.C. 497, 504, 212 S.E.2d 106, 110 (1975). *But see Commonwealth v. Moore,* 463 Pa. 317, 344 A.2d 850 (1975) (concurring opinion by ROBERTS, J.). In *United States v. Johnson,* 506 F.2d 305 (7th Cir.), *cert. denied,* 430 U.S. 1005 (1974), the Court held that where there was no attempt by the defendant to dispute the prosecution's evidence disclosing distribution of heroin by the defendant, a charge on the lesser included crime of simple possession was unwarranted. Defendant then argued that such a requirement would violate his Fifth Amendment right to remain silent. The Court, however, responded that "the disputed issue could be introduced by means of defense witnesses, other than the defendant, or even by cross-examination of prosecution witnesses. Upholding the rejection of this tendered instruction does not impair a defendant's right to remain silent." *Id.* at 307.

In the present case, appellant requested a charge on the lesser included offense of burglary, which is unlawful entry. To be guilty of unlawful entry there must be evidence that the defendant entered the building with the intent to commit a crime. Act of June 24, 1939, P.L. 872, §901.1, 18 P.S. §4901.1 (1963). A review of the record reveals that appellant failed to present any evidence to dispute the Commonwealth's theory of burglary that appellant entered the Oberreit residence with the intent to commit a felony, specifically larceny. In this case, there was simply no evidence that appellant entered the home with the intent to commit a non-felonious crime. Accordingly, a charge on unlawful entry was not warranted.

Judgment affirmed.

SPAETH, J., concurs in the result.