142 N.J. Super. 359 (1976)
361 A.2d 579
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
ROBERT DEL VECCHIO, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued June 15, 1976.
Decided June 23, 1976.
*360 Before Judges HALPERN, CRANE and MICHELS.
Mr. Edward P. Hannigan, Deputy Public Defender, argued the cause for appellant (Mr. Stanley C. Van Ness, Public Defender of New Jersey, attorney).
Mr. Curtis A. Morrison, Deputy Attorney General argued the cause for respondent (Mr. William F. Hyland, Attorney General of New Jersey, attorney).
The opinion of the court was delivered by HALPERN, P.J.A.D.
Defendant appeals from a judgment of conviction, entered on a jury verdict, for breaking and entering with intent to steal, in violation of N.J.S.A. 2A:94-1.
The narrow issue presented is whether the trial judge erred in charging the jury that voluntary intoxication is not a defense to the charge of breaking and entering with intent to steal. He charged the jury thusly:
There has been testimony that indicates on the part of the defendant Robert Del Vecchio a voluntary consumption of alcoholic beverages by him prior to the time he is alleged to have committed the offense charged. This in no way should be considered as relieving the defendant of the criminal responsibility for the crime charged.
This principle rests upon the sound public policy which holds all men accountable for acts voluntarily undertaken.
In this case, if you find that the alcohol was voluntarily taken and the acts charged were actually committed by the defendant Robert Del Vecchio, you may infer that the defendant acted intentionally in committing those acts with which he is charged.
Appropriate objection was taken to the charge pursuant to R. 1:7-2.
*361 The proofs submitted by defendant, which need not be detailed although controverted by the State and open to diverse inferences and conclusions, presented a jury question as to whether defendant was intoxicated to such an extreme degree that he was unable to form a specific intent to steal. It is axiomatic that the gist of the crime here involved is the intent to steal. State v. Tassiello, 75 N.J. Super. 1, 5-6 (App. Div. 1962), aff'd 39 N.J. 282 (1963). If the jury reached the conclusion that he was incapable of forming such intent as charged in the indictment, then defendant was entitled to an acquittal, and the trial judge's charge which removed that defense was reversible error. State v. Frankland, 51 N.J. 221 (1968); Perkins, Criminal Law and Procedure (4 ed. 1972), c. 8 at 538; 1 Wharton's, Criminal Evidence (13 ed. 1972), § 223 at 475-479; Model Penal Code § 2.08; New Jersey Criminal Law Revision Commission, "The New Jersey Penal Code," § 2C:2-8 at 21 (1971). If defendant should be acquitted, it is not because the law excuses his conduct of voluntary intoxication and breaking and entering, but because he lacked the required specific intent to steal as mandated by N.J.S.A. 2A:94-1.
Our determination that the proofs herein, on the degree of defendant's intoxication, required the issue to be decided by the jury under an appropriate charge is not contrary to our holding in State v. Ghaul, 132 N.J. Super. 438 (App. Div. 1975). In Ghaul we were satisfied that the proofs on defendant's intoxication were so inadequate and deficient as not to require a charge on intoxication.
The State's reliance upon State v. Maik, 60 N.J. 203 (1972), is misplaced. In Maik the court was concerned with the defense of insanity in a murder case where the insanity was allegedly caused by defendant's use of narcotics. In discussing that defense the court reaffirmed the New Jersey rule that "the voluntary use of liquor or drugs has been held to be relevant in determining whether the defendant in fact performed the mental operations necessary to *362 raise a murder from second degree to first degree" (at 215). In addition, the court pointed out that such defense will never lead to an acquittal. This long established rule, however, is limited to homicide cases and not to other crimes that require a specific legal intent.
Accordingly, the judgment of conviction is reversed and the matter remanded for a new trial.