150 N.J. Super. 70 (1977)
374 A.2d 1233
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
ROY LEE KINLAW, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued May 2, 1977.
Decided May 13, 1977.
*71 Before Judges BISCHOFF, MORGAN and KING.
Mr. Stanford M. Singer, Assistant Deputy Public Defender, argued the cause for appellant (Mr. Stanley C. Van Ness, Public Defender, attorney).
Mr. R. Benjamin Cohen, Assistant Prosecutor, argued the cause for respondent (Mr. Joseph P. Lordi, Essex County Prosecutor, attorney).
PER CURIAM.
Defendant was indicted, tried and convicted of arson (N.J.S.A. 2A:89-1). He was sentenced to an indeterminate term at the Youth Reception and Correctional Center at Yardville with the five-year maximum waived and a seven-year maximum imposed.
The State's proofs showed the following facts. On July 27, 1975 a fire occurred at the Hotel Savoy in Newark. The hotel is a four-story building and, at the time of the fire, the fourth floor was unoccupied. The fire and resulting damage was confined to the fourth floor and roof area.
Defendant lived on the second floor of the hotel and at about 11 A.M. on the day of the fire he was in the room of another hotel resident, Charles Ewings. Also present were other friends. The group was estimated by one witness as consisting of nine persons. Between 11 A.M. and 2 P.M. the group consumed five or six quarts of beer. During this period *72 defendant repeatedly told Ewings that he was going to set fire to the building because of some difficulties he was having with the supervisor or owner of the hotel concerning his welfare check. At about 2 P.M. defendant returned to his room. Most of the remainder of the group went outside and loitered on a nearby street corner and eventually were located in front of a drug store across the street from the hotel.
At about 5 P.M. they observed defendant at a window in a room on the fourth floor of the hotel. He was smiling and holding a burning paper bag. A short time later defendant came out of the building. Smoke and flames were seen coming out of the fourth-floor room where defendant had been observed. Defendant joined Ewings on the street and Ewings asked him if he set the fire, to which defendant responded, "Yes, I did."
Defendant's testimony concerning events prior to 2 P.M. was substantially the same as that of the State's witnesses. However, he denied stating to Ewings that he was going to burn the building. He admitted being on the fourth floor where the fire started, for the purpose of exchanging furniture, but denied having a burning paper bag in his hand. He admitted lighting a cigarette while in the room and stated, "I didn't realize the match didn't go out and caught on."
During the course of examination by the prosecutor on this precise statement, the following occurred:
[BY THE PROSECUTOR]:
Q. Do you know how that fire started?
[BY DEFENDANT]:
A. Not necessarily. I don't, really. Not to my knowledge I don't.
Q. You don't know?
A. No.
Q. You know whether or not your cigarette or that match had anything to do with the fire?
A. No, at this time I was drunk but I don't know.
Other than evidence of drinking beer between 11 A.M. and 2 P.M., this is the only affirmative evidence in the record as to defendant's intoxication.
*73 Defendant, on this appeal, argues as plain error that "the trial court erred in failing to charge the jury on the effects of intoxication." Defendant contends that arson, as defined by N.J.S.A. 2A:89-1, is a crime of specific purposive intent, which intent might be negated by intoxication.
Voluntary intoxication, no matter how gross, is ordinarily not a defense to a charge of crime based upon acts committed while intoxicated, although as to a certain category of offenses, where specific intent is a necessary element, if the intoxication was such as to preclude the formation of such intent, the fact of intoxication may be shown to negate this element. State v. Frankland, 51 N.J. 221 (1968); State v. Ghaul, 132 N.J. Super. 438 (App. Div. 1975); State v. DelVecchio, 142 N.J. Super. 359 (App. Div. 1976): Annotation, Voluntary Intoxication As a Defense to Criminal Charge, 8 A.L.R.3d 1236 (1966). The rule that voluntary intoxication is not a general defense is universally accepted.
N.J.S.A. 2A:89-1 provides:
Any person who willfully or maliciously burns or consents to the burning of a dwelling house, whether it be his own or that of another, or a structure that is a part of or belongs to or adjoins such dwelling house or any other building, by means whereof a dwelling house shall be burnt, whether it be his own or that of another, is guilty of arson and shall be punished as for a high misdemeanor.
The history of this statute has been traced in State v. Midgeley, 15 N.J. 574 (1954), and State v. Quatro, 31 N.J. Super. 51 (App. Div. 1954). Consideration of these cases indicates that a specific purposive intent to burn is not an element of the crime established by this statute.
Defendant here was charged in the indictment with malicious and willful burning of the hotel, contrary to N.J.S.A. 2A:89-1, and not with setting fire to the hotel with intent to burn it, contrary to N.J.S.A. 2A:89-2.[1]
*74 State v. Quatro, supra, makes it clear that the offense of setting a fire to a building "with intent to burn" it, contrary to N.J.S.A. 2A:89-2, is a crime requiring proof of specific intent. It is equally clear, however, that the willful and malicious burning of a dwelling house or building, contrary to N.J.S.A. 2A:89-1 or N.J.S.A. 2A:89-2, does not require proof of a specific intent. Cf. State v. Heaid, 105 N.J. Super. 172 (App. Div.), certif. den. 54 N.J. 246 (1969); State v. Pirone, 78 N.J. Super. 158 (App. Div.), certif. den. 41 N.J. 161 (1963).
In State v. Frankland, supra, defendant was charged with "willfully setting fire to a motor vehicle in violation of N.J.S. 2A:89-2". The evidence indicated that defendant had consumed 15 drinks of Scotch and water and could not remember the events of the evening when the fire occurred. The court there approved a charge instructing the jury that intoxication was a defense to the specific intent required for a conviction for violation of the statute.
We conclude that the trial judge was not in error let alone plain error, in failing to charge intoxication as a defense in this case, since a violation of N.J.S.A. 2A:89-1 does not require proof of a specific intent to burn.
Moreover, assuming, arguendo, that it would be proper to charge intoxication as a defense to a charge of violation of N.J.S.A. 2A:89-1, the evidence in this record as to defendant's intoxication was insufficient to present a jury question. State v. Ghaul, supra; cf. State v. Frankland, supra.
Defendant's argument that the sentence imposed upon him was manifestly excessive we find to be without merit.
Defendant's final contention is that he did not receive appropriate credit for time served prior to the imposition of *75 sentence. We were informed at oral argument that this defect has been remedied, and we consider the argument moot.
Affirmed.
NOTES
[1] N.J.S.A. 2A:89-2 provides that:

Any person who willfully or maliciously burns or sets fire to with intent to burn:
a. Any building, whether it be his own or that of another, not a part of a dwelling house; or
b. Any ship or other vessel, vehicle, motor vehicle or aircraft, whether it be his own or that of another, or
c. Any church, meeting house, or public building  Is guilty of a high misdemeanor.