418 A.2d 580

COMMONWEALTH of Pennsylvania

v.

**Elta SHOWALTER, Appellant.**

Superior Court of Pennsylvania.

Submitted April 12, 1979.

Filed Feb. 6, 1980.

2

Ross E. Cardas, Assistant Public Defender, Mercer, for appellant.

David B. Douds, Assistant District Attorney, Mercer, for Commonwealth, appellee.

Before VAN der VOORT, SPAETH and WATKINS, JJ.

VAN der VOORT, Judge:

Appellant Elta Showalter was charged with aggravated assault[1] as a result of an altercation with Mrs. Stella K. on October 16, 1977. The subject of the altercation was Mrs. K.'s husband. Appellant was tried by a jury, was found guilty of simple assault,[2] and took this direct appeal to our Court. The sole issue for our consideration is whether the lower court erred in refusing to charge the jury on harassment,[3] a crime which appellant argues is a lesser included offense of assault.

At the trial, the victim, Mrs. Stella K., testified that on the evening of October 16, 1977, she went to the apartment of Elta Showalter, where she found Mr. K.'s automobile parked. Mr. K. had been seeing Mrs. Showalter, but prior to

1. 18 Pa.C.S. § 2702.

2. 18 Pa.C.S. § 2701.

3. 18 Pa.C.S. § 2709.

this date had promised his wife that he would terminate the relationship. When confronted by his wife upon leaving the apartment, Mr. K. claimed that he had stopped to pick up his clothes, but that appellant had refused to give them to him. Mr. K. proceeded on to work, and Mrs. K. entered the Showalter apartment and requested her husband's clothes. Mrs. Showalter (5′ 9″ tall, 180 lbs.) refused to give up the clothes, and began to verbally and physically abuse the smaller (5′ 4½″ tall, 100 lbs.) Mrs. K. When Mrs. K. attempted to leave, appellant blocked the way. Mrs. K. managed to get outside, losing a handful of hair in the process, and managed to descend one flight of stairs without further injury. At a small landing at the bottom of the first flight of outdoor stairs, Mrs. K.'s jacket caught on the railing. Appellant bent Mrs. K. over the railing, putting her knee in the victim's ribs, breaking three of the ribs and puncturing a lung. Mrs. K. testified that appellant, upon being told that she had hurt Mrs. K., replied "Well I'm sorry I didn't finish you off." Mrs. K.'s clothes, with black marks from the railing across the back of the jacket, were exhibited to the jury.

Appellant's version of the incident was slightly different. According to appellant's testimony, Mrs. K. entered appellant's apartment and demanded her husband's clothes. When appellant stated that Mrs. K.'s husband could pick up the clothes himself, Mrs. K. sat down in a chair and refused to leave. Appellant thereupon pulled Mrs. K. out of the chair and down the steps which led to an outer door. While going through this doorway, the victim attempted to kick appellant, and the two women then "went rolling down the stairs." Upon hearing that Mrs. K. was hurt, appellant replied, "I'm sorry, just leave." The jury obviously believed the victim's version of the incident.

Both before and during the trial, counsel for appellant requested that the lower court charge the jury on harassment. The lower court instructed the jury on aggravated assault, simple assault, and assault committed while engaged

in a fight or scuffle entered into by mutual consent,[4] but refused to charge the jury on harassment. Appellant raised the issue in written post–trial motions and has thereby preserved the issue for appeal.

There is no duty on the part of a trial judge to charge upon law which has no applicability to presented facts. *Commonwealth v. Jordan*, 407 Pa. 575, 584, 181 A.2d 310 (1962). If under the evidence presented in a criminal case the defendant must be found guilty of the offense charged or be entitled to an acquittal, the jury need not be instructed as to lower grades to which the evidence does not relate. *Commonwealth v. Melnyczenko*, 238 Pa.Super. 203, 208, 358 A.2d 98 (1976); *Commonwealth v. Dessus*, 214 Pa.Super. 347, 363–64, 257 A.2d 867 (1969), *allocatur refused.* In *Melnyczenko*, the appellant had burglarized a home and had taken two rings and some change. At trial, the court refused a request to charge the jury on the lesser offense of illegal entry. On appeal, our court upheld the lower court's decision, noting that the mere possibility that a jury might believe part but not all of the testimony of a prosecuting witness is not sufficient to require a court to submit to the jury the issue of a defendant's guilt or innocence of a lesser offense than that which the prosecuting witness testifies has been committed. 238 Pa.Super. at 208–9, 358 A.2d 98.

In the case before us, the evidence indicates that the victim suffered three broken ribs, a punctured lung, and loss of some hair, as a result of an altercation with appellant. The victim's version of the incident indicates that the injuries were caused by appellant intentionally, knowingly, or at the very least, recklessly. Appellant's version is that the injuries were caused accidently as she attempted to get Mrs. K. out of the apartment. Neither version indicates any intent on the part of appellant to "harass, annoy or alarm" the victim. We therefore find no error in the lower court's refusal to charge the jury on the crime of harassment. *Melnyczenko*, supra.

Judgment of sentence affirmed.

4.  18 Pa.C.S. § 2701(b).