## Comonwealth v. Hudak

*David J. Flower,* assistant district attorney, for the Commonwealth.

*James R. DiFrancesco, Sandra W. Upor,* for defendant.

COFFROTH, *P.J.,* March 18, 1985—This case is here on defendant's petition to quash the information which charges him with the crime of indecent exposure, a misdemeanor of the second degree under Crimes Code §3127. The petition alleges that this is an invalid reprosecution filed after the case was settled at the office of the district justice in the first filed prosecution, under Criminal Rule 145 which is a bar to the instant second prosecution.

## FACTS

At the initial preliminary hearing, at which defendant was represented by counsel but the Commonwealth was not, defense counsel sought a settlement under Rule 145 by agreeing with the prosecuting officer, the two female viewers of the exposure and the district justice, that defendant would plead guilty to the sumary offense of disorderly conduct before the district justice, pay a fine of $200 and costs, undergo treatment at the Mental Health Agency for his condition and that then the prosecution for the misdemeanor would be dismissed under Rule 145.

The offense occurred on September 11, 1984, the first complaint was filed on that date, and the initial preliminary hearing was held September 20, 1984. Pursuant to the agreement then reached, defendant attended two treatment sessions, the first on October 2, 1984, the second apparently on or about October 25, 1984, resulting in a report of treatment dated October 25. The parties returned to a continued preliminary hearing on November 1, 1984, at which time the prosecuting officer withdrew his agreement to the settlement largely because the two female viewers had also withdrawn their assent. Nevertheless, the district justice granted the dismissal under Rule 145, and defendant pleaded guilty to disorderly conduct and paid his fine and costs.

In the Mental Health report, the physician concludes: "1, Referral to Clinical Services Unit for evaluation. 2, Continue base service unit case management." An initial evaluation was completed with a resulting diagnosis of: "Deferred for more detailed evaluation over the next 90 days" after which a "final diagnosis" would be made. Thus the treatment

program had not been completed, nor had any final diagnosis (or prognosis) been arrived at, by the time of the second preliminary hearing.

The second complaint charging the same offense as that alleged in the first complaint, was filed November 8, 1984; preliminary hearing was scheduled for January 29, 1985, when the case was waived to court by defendant. The information in this court was filed February 8, 1985, and the pending petition to quash was filed February 25, 1985. The petition seeks to quash the information on the basis of the settlement under Rule 145 and double jeopardy.

## DISCUSSION

Criminal Rule 145 provides as follows:

"Rule 145. Dismissal Upon Satisfaction or Agreement"

"When a defendant is charged with a misdemeanor which is not alleged to have been committed by force or threat thereof, the issuing authority may dismiss the case upon a showing that:

(a) the public interest will not be adversely affected; and

(b) either the aggrieved person or the attorney for the Commonwealth consents to the dismissal; and

(c) satisfaction has been made to the aggrieved person or there is an agreement that satisfaction will be made to the aggrieved person; and

(d) there is an agreement as to who shall pay the costs."

Before determining whether Rule 145 was complied with, and if so the effect of a dismissal under it, we first note that we have jurisdiction to determine those questions in reviewing the propriety of the use of the rule by the district justice in passing on the petition to quash. Commonwealth v. Cary, 13

Lycoming 211 (1976), upholding the reasonableness of the settlement.

. Although exceptional circumstances might sometime occur which would make it reasonable to settle a prosecution for indecent exposure at the magisterial level, in truth we cannot now imagine any combination of circumstances which might make it in the public interest to do so.

The personality characteristics which underlie the tendency or compulsion within a person to expose to others in public places his sexual organ, are an abnormality and run deep and persistent; professional treatment can sometimes help, but it must be intense and persistent over an extended period of time and usually must be judicially compelled and supervised as part of the sentence following conviction. The district justice court does not have the facilities for such supervision of treatment over the long term. That a promissory settlement, or even a summary conviction, can fulfill the public duty of law enforcement personnel and of the judicial system in such cases is unthinkable, indeed absurd. There is absolutely no justification for applying Rule 145 to such sexual offenses, nor even Rule 314, where acts of indecent exposure are clearly proved and warrant treatment. Only in the common pleas court can the public interest in such cases be adequately protected; only the common pleas court has the resources available for adequate treatment, supervision and punishment. The present case is a clear instance of what we are saying, as the Mental Health report so plainly demonstrates. The use of Rule 145 here functions merely as an escape for defendant from responsibility for his actions and should never have been agreed to or approved.

Moreover, this is not the kind of private grievance which can be satisfied by agreement as is compre-

hended by Rule 145 and Rule 314. The gravamen of the offense is injury to the public from the risk of its repetition in public places, and secondarily to the persons who view it; even when a particular person is repeatedly so confronted by defendant, the interest in protecting that person from such repetition is primarily public in character and the private interest can be protected only by the powers of the court of common pleas. The private interest is not of the character which can be satisfied by payment of money or by the defendant's promises unsupported by judicial deterrence.

There is no double jeopardy here. Disorderly conduct is not a lesser included offense of indecent exposure. The intent required in indecent exposure is to arouse or gratify sexual desire, §3127, whereas the mental state required in disorderly conduct is an intent to cause public inconvenience, annoyance or alarm or recklessly to create the risk thereof, §5503. When the elements of the crimes are not the same, one crime cannot be a lesser included offense of the other. Commonwealth v. Schreiber, 319 Pa. Super. 367, 375, 466 A.2d 203 (1983); see also: Commonwealth v. Showalter, 275 Pa. Super. 1, 418 A.2d 580 (1980); Commonwealth v. Bittinger, 41 Somerset L. J. 155, 159, 25 D.&C. 3d 627 (1982); Commonwealth v. Whearty, 34 Somerset Legal Journal 65, 76 (1977). Hence, a conviction of disorderly conduct does not bar a separate conviction of indecent exposure. Defendant was never tried or adjudicated of the latter. We would agree, of course, that a dismissal by proper use of either Rule 145 or 314 should be a bar to reprosecution, but an improper application thereof as in the instant case is not a bar. Compare: U.S. v. Martin Linen Supply Co., 51 L.Ed.2d 642 (1977); Commonwealth v. Masterson, 275 Pa. Super. 166, 418 A.2d 664 (1980); Common-

wealth v. Shaffer, 31 Somerset L.J. 395, 398 (1976); Commonwealth v. Wilkinson, 6 D.&C.3d 113 (1978); Emery v. Hollenbeck, 28 Chester 396 (1980). Compare Ohio v. Johnson, 81 L.Ed.2d 425 (1984) and Justice of Boston v. Lydon, 80 L.Ed.2d 311 (1984).

Finally, we find no authority for a district justice to adjudicate criminal complaints in court cases by plea bargaining. Criminal Rule 141(d) provides that: "If a prima facie case of the defendant's guilt is not established at the preliminary hearing [or at a continuance thereof], the issuing authority shall discharge the defendant." Criminal Rule 143 (a) states: "If the Commonwealth establishes a prima facie case of the defendant's guilt, the issuing authority shall hold him for court. Otherwise the defendant shall be discharged." There is no provision for plea bargaining before the district justice in a court case. The authority and procedure for plea bargaining are set forth in Criminal Rule 319 which relates only to the common pleas court and requires a public record of the proceedings which the magisterial court is not equipped to provide. A district justice should not reduce or modify the charges except as the evidence may justify and require. Compare Commonwealth v. Hickenbottom, 31 Somerset L. J. 30 (1975); Commonwealth v. Curtis, 66 Lancaster 315 (1978); 75 Pa.C.S. §3731(f).

## ORDER

Now, March 18, 1985, defendant's petition to quash is denied.

## SUPPLEMENTAL OPINION
## (APPELLATE RULE 1925)

COFFROTH, *P.J.*, April 23, 1985—In further support of the conclusions reached in opinion dated

and filed March 18, 1985, denying the motion to quash, now appealed, we cite the recent Superior Court opinion in Commonwealth v. Hernandez, Pa. 339 Super. 32, 488 A.2d 293 1985, in which the court said:

"Preliminary arraignments and hearings are governed by Rules 140-149 of the Pennsylvania Rules of Criminal Procedure. The district justice is directed either to discharge the defendant if a prima facie case against him or her is not established at the preliminary hearing (Rule 141(d)), or to hold the defendant for court if a prima facie case against him or her is established (Rule 143(a)). Under the Rules of Criminal Procedure, there is no right in the district justice to change any of the charges. At the preliminary hearing, the district justice's job is merely to determine the existence or non-existence of a prima facie case."

"9. Pa.R.Crim.P. 145 does provide for dismissal of a non-forceful misdemeanor upon satisfaction or agreement, but the rule is basically designed to effect civil compromises between affected individuals so that substantial justice is achieved and the parties achieve mutual satisfaction. It is not applicable to the case herein."