J. S09002/15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| JAMES LOUIS TARPLEY, | : | No. 1237 WDA 2013 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, February 25, 2013,
in the Court of Common Pleas of Allegheny County
Criminal Division at No. CP-02-CR-0013386-2011

BEFORE: FORD ELLIOTT, P.J.E., BOWES AND ALLEN, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:      **FILED MARCH 03, 2015**

Following a bench trial, James Louis Tarpley was convicted of one count of persons not to possess a firearm. Herein, he appeals from the judgment of sentence entered on February 25, 2013, in the Court of Common Pleas of Allegheny County. We affirm.

On July 12, 2011, police and EMS responded to 1712 Brinton Avenue in North Braddock, Pennsylvania, at approximately 11:00 p.m. to calls of a heroin overdose. The evidence demonstrated that the residence was managed by Ronald Padolf ("Ronald") who permitted Michaela McBride Bradly ("Michaela") and Jessica Rosenberger ("Jessica") to live at the property rent-free and without a signed lease. The apartment consisted of a living room, kitchen, and two bedrooms -- Michaela and Jessica lived in one bedroom and Jessica's son stayed in the other. Ronald testified that he had

noticed that appellant, Jessica's boyfriend, was at the apartment "almost all the time." (Notes of testimony, 11/9-13-12 at 90-92, 33-34, 56-57.) Michaela, however, stated that appellant stayed there four or five nights a week. Due to appellant's continued presence, Ronald amended his rent-free policy and insisted on being paid $250 per month; Michaela and Jessica complied.

On the date in question, appellant and his ten-year-old son were at the apartment. Appellant was shooting heroin in the living room, and Michaela was in her bedroom watching television. Around 11:00 p.m., Jessica started calling out Michaela's name, saying she needed help with appellant as she thought he had overdosed. Appellant, while injecting heroin, had fallen back onto a futon. Michaela saw appellant lying on the futon unresponsive with Jessica on top of him trying to pull him up; Michaela called 9-1-1.

Carl Rech "(Officer Rech")", an officer with the North Braddock Police Department, arrived and observed appellant lying on his back on the living room floor unconscious. At this time, Officer Rech saw a digital scale on the top of the television with white powder residue and the grip of a pistol sticking out between the frame and the mattress of the futon, located just to the right of appellant. Paramedics arrived and administered three shots of Narcan to appellant, which led him to regain consciousness. Upon resuscitation, appellant was combative and detained with handcuffs.

As EMS prepared to take appellant to the hospital, appellant was led to the ambulance; he asked Officer Rech to retrieve his backpack from the bedroom. Officer Rech found the backpack and, for safety purposes given the presence of the firearm in the living room, looked inside. At the bottom of the backpack, a silver revolver was found. Thereafter, appellant was charged with two counts of possession of person not to possess a firearm in violation of 18 Pa.C.S.A. § 6105(A)(1) relating to the weapons found in the residence.

Michaela testified that earlier that same day she had seen appellant with a backpack in the living room. She also stated that a few days prior to the incident she had seen appellant "digging through" the same backpack and pulling out a silver revolver. (*Id.* at 40-41.) Jessica testified that she had previously seen appellant with a backpack and had seen him with firearms in the apartment, including the silver revolver. (*Id.* at 65-67.)

Appellant testified at trial and admitted that he went to 1712 Brinton Avenue to shoot heroin. Appellant denied taking a firearm to the residence and denied owning the backpack. Appellant testified that he was not in the business of selling drugs and did not carry a firearm.

The jury returned a verdict of guilty as to the firearm found in the backpack and not guilty as to the firearm located on the futon. On February 23, 2013, appellant was sentenced to serve 42 to 84 months' imprisonment. A timely post-sentence motion was filed requesting a

modification of sentence; this motion was later denied by operation of law pursuant to Pa.R.Crim.P. 720(B)(3)(b). (Docket #10.) A timely notice of appeal was filed. (Docket #11.) The following issues have been presented for our review:

> I. THE TRIAL COURT ERRED IN PERMITTING EVIDENCE OF ITEMS CONTAINED IN A CLOSED CONTAINER FOLLOWING A WARRANTLESS SEARCH OF SAID CONTAINER, TO BE THE BASIS FOR THE WITHIN CHARGES AND VERDICT WHEN THERE WAS CLEAR EVIDENCE THAT APPELLANT WAS NOT IN POSSESSION OF THAT BAG/CONTAINER WHEN HE WAS DETAINED AND THE SEARCH WAS NOT INCIDENT TO ARREST.
>
> II. THE TRIAL COURT ERRED BY ADMITTING EVIDENCE OF APPELLANT'S PRIOR CONVICTIONS FOR VIOLATIONS OF THE UNIFORM FIREARMS ACT.
>
> III. THE EVIDENCE IS INSUFFICIENT TO SUPPORT THE VERDICT GENERALLY AND SPECIFICALLY BECAUSE THE EVIDENCE DEMONSTRATED THAT THE APPELLANT WAS UNCONSCIOUS AND THUS INCAPABLE OF FORMING THE SPECIFIC INTENT TO POSSESS THE FIREARM IN QUESTION.
>
> IV. THE VERDICT IS AGAINST THE WEIGHT OF THE EVIDENCE.
>
> [V.] THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO MODIFY SENTENCE.

Appellant's brief at 4.

The first issue presented is whether the trial court erred in failing to suppress the revolver discovered in the backpack. He avers that the weapon

was seized pursuant to an unlawful, warrantless search. (Appellant's brief at 12.) We agree with the trial court and the Commonwealth that this claim is waived.

Appellant never filed a motion to suppress the evidence he now claims was impermissibly seized by the police. Under Pennsylvania Rule of Criminal Procedure 578, unless otherwise required in the interests of justice, all pretrial requests, including a request for suppression of evidence, must be included in one omnibus pretrial motion. **See** Pa.R.Crim.P. 578, Comment. Rule 579 states that an omnibus pre-trial motion must be filed within 30 days of arraignment. The only exceptions to this rule are: (1) the opportunity to do so did not exist, (2) the defendant or defense counsel was unaware of the grounds for the motion, or (3) the time for filing was extended by the court for good cause shown. **See** Pa.R.Crim.P. 579(A). "If timely motion is not made . . . , the issue of suppression of . . . evidence shall be deemed waived." Pa.R.Crim.P. 581(C). **See also Commonwealth v. Baumhammers**, 960 A.2d 59, 76 (Pa. 2008) ("[t]his Court has consistently affirmed the principle that a defendant waives the ground of suppressibility as a basis for opposition to the Commonwealth's introduction of evidence when he or she fails to file a suppression motion pursuant to our rules of criminal procedure"); **Commonwealth v. Williams**, 311 A.2d 920 (Pa. 1973) (claim waived where defendant did not file motion to suppress evidence). Thus, we deem appellant's claim waived.

The second issue presented is whether the trial court erred by admitting evidence of appellant's prior firearms violation. (Appellant's brief at 15.) Again, we concur with the Commonwealth that this claim is also waived. Appellant failed to include this issue in his Rule 1925(b) statement, and the trial court has not addressed it in its Rule 1925(a) opinion. Therefore, it is deemed waived. Pa.R.A.P., Rule 1925(b)(4)(vii), 42 Pa.C.S.A. *See also Commonwealth v. Marion*, 981 A.2d 230, 237 (Pa.Super. 2009), *appeal denied*, 990 A.2d 729 (Pa. 2010) ("to preserve their claims for appellate review, [a]ppellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to [Rule] 1925. Any issues not raised in a [Rule] 1925(b) statement will be deemed waived.") (citations omitted).

Next, appellant argues that the evidence was insufficient to sustain his conviction for person not to possess a firearm.

In reviewing a sufficiency challenge, we apply the following well-settled principles:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder

unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Brown*, 23 A.3d 559-560 (Pa.Super. 2011) (*en banc*), quoting *Commonwealth v. Hutchinson*, 947 A.2d 800, 805 (Pa.Super. 2008).

Section 6105 of the Crimes Code states in pertinent part:

**§ 6105.   Persons not to possess, use, manufacture, control, sell or transfer firearms**

**(a)   Offense defined.**

(1)   A person who has been convicted of an offense enumerated in subsection (b), within or without this Commonwealth, regardless of the length of sentence or whose conduct meets the criteria in subsection (c) shall not possess, use, control, sell, transfer or manufacture or obtain a license to possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth.

18 Pa.C.S.A. § 6105(a)(1).

Appellant does not dispute that a prior conviction disqualified him from possessing a firearm; on July 16, 2004, appellant pled guilty to possession

- 7 -

of a controlled substance. Appellant argues that the Commonwealth failed to satisfy the possession element. (Appellant's brief at 22.) As appellant was not in physical possession of the firearm, the Commonwealth was required to establish that he had constructive possession of the weapon.

> Constructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement. Constructive possession is an inference arising from a set of facts that possession of the contraband was more likely than not. We have defined constructive possession as conscious dominion. We subsequently defined conscious dominion as the power to control the contraband and the intent to exercise that control. To aid application, we have held that constructive possession may be established by the totality of the circumstances.

*Commonwealth v. Brown*, 48 A.3d 426, 430 (Pa.Super. 2012), *appeal denied*, 63 A.3d 1243 (Pa. 2013) (internal quotation marks and citation omitted).

Herein, the Commonwealth established that appellant was in constructive possession of the backpack. Officer Rech testified that he responded to a call regarding a heroin overdose. He explained that after appellant was treated by paramedics and revived, appellant asked the officer to retrieve his backpack from the bedroom. Officer Rech found the backpack, and for safety purposes, looked inside the backpack before giving it to appellant. Inside the backpack, Officer Rech discovered a silver revolver. The Commonwealth also presented the testimony of Jessica and Michaela; both women testified that they had seen appellant previously with

the backpack and the silver revolver. Thus, the jury was entitled to conclude that appellant had possessed the firearm found in the backpack.

In the fourth issue, appellant argues that the verdict was against the weight of the evidence. (Appellant's brief at 26.)

> "[A] weight of the evidence claim must be preserved either in a post-sentence motion, by a written motion before sentencing, or orally prior to sentencing. Pa.R.Crim.P. 607; ***Commonwealth v. Priest***, 18 A.3d 1235, 1239 (Pa.Super. 2011). Failure to properly preserve the claim will result in waiver, even if the trial court addresses the issue in its opinion." ***Commonwealth v. Sherwood***, 603 Pa. 92, 982 A.2d 483, 494 (2009).

***Commonwealth v. Lofton***, 57 A.3d 1270, 1273 (Pa.Super. 2012). Here, appellant did not raise a weight of the evidence claim in either a pre-sentence or post-sentence motion. As we noted above, appellant filed a post-sentence motion, but the motion requested only a modification of sentence. (Docket #8.) As such, we find this allegation waived for purposes of appeal. ***Lofton***, ***supra***.

The final issue presented concerns the discretionary aspects of sentencing. Appellant is challenging the discretionary aspects of sentencing for which there is no automatic right to appeal. ***Commonwealth v. Koren***, 646 A.2d 1205, 1207 (Pa.Super. 1994). Two requirements must be met before a challenge to the judgment of sentence will be heard on the merits. ***Id.*** First, the appellant must set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary

aspects of his sentence. *Id.*; Pa.R.A.P. 2119(f). Second, he must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code. 42 Pa.C.S.A. § 9781(b); *Commonwealth v. Urrutia*, 653 A.2d 706, 710 (Pa.Super. 1995).

The determination of whether a particular issue raises a substantial question is to be evaluated on a case-by-case basis. *Commonwealth v. Maneval*, 688 A.2d 1198, 1199-1200 (Pa.Super. 1997). Generally, however, in order to establish a substantial question, the appellant must show actions by the sentencing court inconsistent with the Sentencing Code or contrary to the fundamental norms underlying the sentencing process. *Id.*

Appellant has included in his brief the mandatory concise statement of reasons relied upon for allowance of appeal from the discretionary aspects of his sentence. (Appellant's brief at 28-30.) Therein, appellant complains that his sentence, which was within the statutory limits and at the lower end of the standard range of the Sentencing Guidelines, was unreasonable. (*Id.* at 29.) Appellant has not, however, explained in his Rule 2119(f) statement how he has set forth a substantial question. A Rule 2119(f) statement that simply contains incantations of statutory provisions and pronouncements of conclusions of law is inadequate. *Commonwealth v. Thompson*, 547 A.2d 800, 802 (Pa.Super. 1988).

> Rather, only where the appellant's Rule 2119(f)
> statement sufficiently articulates the manner in

> which the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process, will such a statement be deemed adequate to raise a substantial question so as to permit a grant of allowance of appeal of the discretionary aspects of the sentence.

*Commonwealth v. Mouzon*, 812 A.2d 617, 627 (Pa. 2002).

Limiting our review to appellant's Rule 2119(f) statement, we conclude that appellant has failed to raise a substantial question. In fact, nowhere in his Rule 2119(f) statement does he explain what specific provision of the sentencing code or fundamental norm underlying the sentencing process has been violated. Thus, we decline to review his sentencing claim.

Even if we were to turn to the argument section of his brief to review his claim, we would find Judge Durkin did not abuse her discretion in sentencing appellant. Appellant was sentenced at the bottom-end of the standard range of the sentencing guidelines. The trial court explicitly stated that it reviewed the pre-sentence report. (Notes of testimony, 2/25/13 at 2-3, 19.) The trial court also considered letters written on behalf of appellant, the testimony of Kim Vilella, appellant's mother-in-law, and appellant's testimony. The court considered the fact that appellant had a previous 15 to 30-month sentence for a felony drug conviction that involved firearms, following which appellant violated probation. The Commonwealth argued that appellant committed the instant offense with his young son in the house, where he readily admitted he went to use heroin. (*Id.* at 18.) It

cannot be said that the sentence imposed was unreasonable. *Commonwealth v. Ventura*, 975 A.2d 1128, 1133-1135 (Pa.Super. 2009), *appeal denied*, 987 A.2d 161 (Pa. 2009) (where the trial court clearly relied on the pre-sentence report and the sentence imposed was not outside the applicable guidelines or unreasonable, the court did not commit an abuse of its discretion).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/3/2015