1999 PA Super 18

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Michael M. BATTAGLIA, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 6, 1998.

Filed Jan. 25, 1999.

Peter Patterson, Pittsburgh, for appellant.

Michael Streily, Deputy Dist. Atty. Pittsburgh, for Commonwealth, appellee.

Joseph Kazielski, Pittsburgh, for Borough of Swissvale, participating party.

Before EAKIN, SCHILLER and OLSZEWSKI, JJ.

EAKIN, J.:

¶ 1 Michael Battaglia appeals from the judgment of sentence entered following his convictions for obstructing highways, harassment, and violating a borough ordinance, challenging the sufficiency of the evidence. When a challenge to the sufficiency of evidence is made, our task is to determine whether the evidence and all reasonable inferences therefrom, viewed in the light most favorable to the verdict winner, was sufficient to enable the factfinder to find every element of the crime charged beyond a reasonable doubt. *Commonwealth v. Zambelli*, 695 A.2d 848, 851 (Pa.Super.1997). We must thus determine whether the Commonwealth proved the elements of the offenses charged to appellant: obstructing highways, harassment, and violating Swissvale Borough Ordinance No. 79–9.

¶ 2 The concise evidence of the prosecution, in the light most favorable to it, shows that on November 13, 1996, Swissvale Police Officer Darryl Briston observed appellant, a landscaper, and another unnamed individual, blowing "a cloud" of leaves from the lawn of the Garden Court Apartments onto adjacent South Braddock Avenue. Seeing "traffic traveling north and south, both swerving in a very dangerous manner", and believing this to be a traffic hazard, Officer Briston blocked northbound traffic with his vehicle, approached, and told appellant to stop blowing leaves onto the street. Appellant complied and collected the leaves from the road. Officer Briston also ordered appellant to clean up leaves from a neighbor's yard across the street. After looking at those leaves, appellant stated they were not attributable to him [1] and refused to clean them up. Eventually, appellant stated he was going to "fucking sue the police" for bothering him, which remark caused the officer to tell him to "drop the blower"; appellant was arrested, handcuffed, and transported to the Swissvale Police Department.

¶ 3 While at the station, appellant was "combative and violent", although the only specific conduct testified to was when appellant touched Officer Briston's hand while grabbing a pen from the officer, who grabbed it right back. Appellant was charged with obstructing highways, harassment, and violating Swissvale Borough Ordinance No. 79–9. Appellant was found guilty by the District Justice, but appealed to the Court of Common Pleas. Following a *de novo* trial, he was again found guilty and sentenced to pay fines and costs totaling $150. This appeal follows.

¶ 4 The Commonwealth, in a candid brief, concedes appellant's convictions were not supported by the evidence. All too often we are given arguments grounded in the felt need to argue a position regardless of merit. We compliment the Commonwealth for putting honor above advocacy. We must agree with this assessment; even viewing the evidence in the light most favorable to the prosecution, we are constrained to reverse.

¶ 5 The offense of obstructing highways, 18 Pa.C.S. Section 5507, provides in pertinent part

**§ 5507. Obstructing highways and other public passages**

---

1. Appellant testified these were sycamore leaves, and there were only maples on the apartment property where he was working.

(a) **Obstructing.** – A person, who, having no legal privilege to do so, intentionally or recklessly obstructs any highway, railroad track or public utility right-of-way, sidewalk, navigable waters, other public passage, whether alone or with others, commits a summary offense . . .

.     .     .     .     .

(c) **Definition.** – As used in this section the word "obstructs" means renders impassable without unreasonable inconvenience or hazard.

*Id.*

■ ¶ 6   We cannot find proof appellant committed this offense. The only evidence offered was the abbreviated testimony of the officer, who saw automobiles travelling both ways "swerving dangerously" to avoid the leaves appellant and the other individual were blowing towards the street. This evidence, disputed by appellant, does not establish a violation of Section 5507, which requires a finding appellant intentionally or recklessly rendered the roadway impassable.

¶ 7   If cars swerved, there is no evidence they were forced to do so in order to pass. The record does not show how long the officer watched in order to see traffic in both directions swerve, nor is there testimony of the vantage point from which he estimated the danger. There is no testimony about the speed of the swerving cars, the nature of the roadway, or whether there were parked cars or pedestrians nearby.

¶ 8   There is no evidence establishing the volume of leaves involved, except the testimony of appellant, who estimated there were about 30 to 40 gallons, enough to fill "a garbage bag". If this made a cloud, it was a small cloud. While one need not compile a wall of leaves to violate the statute, the record here has no evidence of quantity sufficient to amount to an impassable obstruction.

¶ 9   As a result, we are left with the officer's opinion the road was impassable without hazard, but without underlying facts sufficient to allow the finder of fact to reach the same conclusion, and appellant's conviction for obstructing highways cannot stand.

¶ 10   The evidence is also insufficient to support the harassment conviction. Appellant was charged with 18 Pa.C.S. Section 2709 (a)(3), which states:

§ 2709.  **Harassment and stalking.**

(a)  **Harassment.**—A *person commits the crime of harassment when, with intent to harass, annoy or alarm another person:*

\*     \*     \*     \*     \*     \*

(3) he engages in a course of conduct or repeatedly commits acts which alarm or seriously annoy such other person and which serve no legitimate purpose.

*Id.*

■ ¶ 11   This Section requires the fact finder to infer a specific intent, and it specifies the conduct must be of a non-legitimate nature—conduct which is not constitutionally protected. *Commonwealth v. Miller,* 455 Pa.Super. 534, 689 A.2d 238, 241 (1997), *appeal denied,* 548 Pa. 646, 695 A.2d 785 (1997). Further, because "course of conduct" means a pattern of actions composed of more than one act over a period of time evidencing a continuity of conduct, a single act will not support a conviction. 18 Pa.C.S. § 2709(f); *Commonwealth v. Sewell,* 702 A.2d 570, 572 (Pa.Super.1997).

■ ¶ 12   According to the citation, appellant was charged with harassment for three acts: he told Officer Briston he was going to "fucking sue", he grabbed a pen from the officer's hand, and he "did not follow direction given." The first is insufficient because the evidence did not prove appellant's remark was made with a specific intent to harass. In its obvious context, the remark was a response to perceived harassment; whether a justifiable perception or not, the context was responsive, not provocative.

¶ 13   Nor did the evidence show appellant's conduct was of a non-legitimate nature. *See Commonwealth v. Zullinger,* 450 Pa.Super. 533, 676 A.2d 687 (1996) (defendant's repeated wearing of a T-shirt stating "Fuck You" in a public office was protected free speech under the First Amendment and could not be the basis for harassment); *Commonwealth v. Wheaton,* 409 Pa.Super. 622,

598 A.2d 1017 (1991) (threats to institute legal action not harassment where evidence fails to prove specific intent or non-legitimate purpose). While uncalled for, this was not actionable, and was not a "course of conduct" contemplated by Section 2709(a)(3).

¶ 14 Similarly, the second reason offered is not supported by evidence of the required intent. Snatching a pen from an officer while in custody is neither justifiable nor wise, but we cannot conclude the purpose of that act was to harass, annoy or alarm the officer. The officer may have been annoyed in fact, but there is no evidence, in the context of the situation or otherwise, to show appellant's purpose was to cause annoyance. The physical contact of touching the officer's hand was clearly *de minimus*. Again, there is no course of conduct in this solitary act.

¶ 15 The third reason, not following a direction, is not a crime in this circumstance. Neither the citation nor the evidence tells us what direction was disobeyed. The only reference in the officer's direct testimony was appellant's refusal to clean up the neighbor's yard. The authority to order someone to rake another's yard is questionable, even if appellant did blow the leaves there; refusing such a directive is not harassment. Again there is no proof of intent to annoy or alarm in this refusal, nor is there a course of conduct. Appellant was not proven guilty of Section 2709(a)(3).

¶ 16 Finally, we must reverse appellant's conviction for violating Swissvale Borough Ordinance No. 79–9, which renders unlawful the dumping or deposit of "cuttings from trees, bushes or grass, or any combination of the same when the same are left in such manner as *constitutes a health hazard because of being a breeding place for infestation or because of the danger created to children who may be attracted to play in the area.*" Borough of Swissvale Ordinance No. 79–9, Section 1 (emphasis added).

¶ 17 Assuming leaves are within the very specific enumeration of offending vegetation in the ordinance, no evidence was introduced establishing the leaves were "left in such manner" as to be a health hazard or an attractive nuisance for children. The only leaves that remained in the street were there because the officer took appellant away before he could remove them.

¶ 18 It is hard to imagine there were enough leaves in this cloud which, if deposited or dumped on the street, would constitute a "breeding place for infestation." While a "cloud of leaves" might attract children, a leaf blower can only keep leaves airborne for a short time. When the amount of leaves a blower can keep airborne in a cloud falls to the ground, the size of the pile will not be attractive; at least the evidence does not prove it to be so.

¶ 19 Further, we cannot tell whether the violation alleged was for the configuration of leaves while in the air, when appellant stopped blowing them at the direction of the officer, or for those left behind. This dearth of evidence precludes a finding appellant violated Ordinance 79–9. We must therefore conclude the trial court erred as a matter of law in making this determination. *See Commonwealth v. Snyder*, 688 A.2d 230 (Pa. Commw.1996) (lack of evidence establishing elements of borough ordinance renders conviction invalid).

¶ 20 The evidence is insufficient to support appellant's convictions for obstructing highways, harassment, and violating Swissvale Borough Ordinance 79–9.[2] Accordingly, we reverse the judgment of sentence.

¶ 21 Judgment of sentence reversed. Jurisdiction relinquished.

2. The legality of arresting appellant for these summary offenses is not raised, nor is it relevant to the sufficiency of the evidence. However, the felt need to take someone into custody for blowing leaves does suggest intemperance by the officer equal to the impertinence of the appellant. The only children involved with these leaves were the actors.