J-A07003-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WILLIAM HENRY DEGOUNETTE, | |
| Appellant | No. 749 WDA 2016 |

Appeal from the Judgment of Sentence of April 7, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0013436-2015

BEFORE:  OLSON, STABILE and STRASSBURGER,* JJ.

MEMORANDUM BY OLSON, J.:                    **FILED MARCH 08, 2017**

Appellant, William Henry Degounette, appeals from the judgment of sentence imposed on April 7, 2016 after the trial court convicted him of a misdemeanor of the third degree for violating 18 Pa.C.S.A. § 5507, obstructing highways.  As the Commonwealth concedes the insufficiency of the evidence introduced in support of Appellant's conviction, we reverse the conviction and vacate the judgment of sentence.

On September 20, 2015, Appellant was charged with one count of defiant trespass[1] and one count of obstructing highways.[2]  The case proceeded to a bench trial at which the Commonwealth stipulated to the

_____

[1] 18 Pa.C.S.A. § 3503(b)(1)(i).

[2] 18 Pa.C.S.A. § 5507(a).

*Retired Senior Judge assigned to the Superior Court.

affidavit of probable cause and the testimony elicited at the preliminary hearing which established as follows.

Sergeant Stephen Matakovich of the Pittsburgh Police Department was the only witness called by the Commonwealth. Sergeant Matakovich testified that, on September 20, 2015, he was working as a plain-clothes officer at Heinz Field for a Pittsburgh Steelers' game. At approximately 11:00 a.m., Sergeant Matakovich received a report of a male on a bicycle stopping traffic on the Reedsdale Street exit off-ramp from the Parkway North in order to scalp tickets. When Sergeant Matakovich arrived on the scene, Appellant had left the exit ramp and was down the street away from the ramp. When questioned by Sergeant Matakovich, Appellant was verbally confrontational. Sergeant Matakovich advised Appellant at that time that he had been warned on numerous occasions in the past that he was not permitted on the Heinz Field property and that he was not permitted to stop traffic.[3] Appellant responded that he was still going to scalp tickets at which time he was arrested and charged with the aforementioned crimes.

The trial court found Appellant not guilty of defiant trespass but convicted him of a third degree misdemeanor for obstructing highways. The court proceeded to sentence Appellant to one year of probation. Appellant

_____

[3] Sergeant Matakovich testified that he personally warned Appellant about his repeated behavior on May 30, 2015, June 6, 2015, June 20, 2015, August 2, 2015, August 23, 2015, September 3, 2015, and September 5, 2015. N.T., 10/27/15, at 4.

- 2 -

filed a timely post-sentence motion which was denied on April 25, 2016.

Appellant filed a timely notice of appeal raising one issue: Did the

Commonwealth fail to present sufficient evidence to convict Appellant of

obstructing highways?[4]

A claim impugning the sufficiency of the evidence presents us with a

question of law. **Commonwealth v. Widmer**, 744 A.2d 745, 751 (Pa.

2000). Our standard of review is well-established:

> The standard we apply in reviewing the sufficiency of the
> evidence is whether viewing all the evidence admitted at trial in
> the light most favorable to the verdict winner, there is sufficient
> evidence to enable the fact-finder to find every element of the
> crime beyond a reasonable doubt. In applying the above test, we
> may not weigh the evidence and substitute our judgment for the
> fact-finder. In addition, we note that the facts and
> circumstances established by the Commonwealth need not
> preclude every possibility of innocence. Any doubts regarding a
> defendant's guilt may be resolved by the fact-finder unless the
> evidence is so weak and inconclusive that as a matter of law no
> probability of fact may be drawn from the combined
> circumstances. The Commonwealth may sustain its burden of
> proving every element of the crime beyond a reasonable doubt
> by means of wholly circumstantial evidence. Moreover, in
> applying the above test, the entire record must be evaluated and
> all evidence actually received must be considered. Finally, the
> finder of fact while passing upon the credibility of witnesses and
> the weight of the evidence produced, is free to believe all, part
> or none of the evidence.

**Commonwealth v. Estepp**, 17 A.3d 939, 943–944 (Pa. Super. 2011),

*citing* **Commonwealth v. Brooks**, 7 A.3d 852, 856–857 (Pa. Super. 2010).

_____

[4] Appellant and the trial court complied with the requirements of Rule 1925
of the Pennsylvania Rules of Appellate Procedure.

The statute prohibiting the obstruction of a highway provides:

**§ 5507. Obstructing highways and other public passages**

**(a) Obstructing.**—A person, who, having no legal privilege to do so, intentionally or recklessly obstructs any highway, railroad track or public utility right-of-way, sidewalk, navigable waters, other public passage, whether alone or with others, commits a summary offense, or, in case he persists after warning by a law officer, a misdemeanor of the third degree….

**(c) Definition.**—As used in this section, the word "obstructs" means render impassable without unreasonable inconvenience or hazard.

18 Pa.C.S.A. §5507. In finding Appellant guilty of this offense, the trial court stated:

The evidence presented was clearly sufficient to support the conviction for [o]bstructing [h]ighways. [Appellant] had stopped traffic on a highway off-ramp with his bicycle while soliciting each vehicle to scalp tickets to that day[']s Steeler[s'] game. The fact that [Appellant] was found on the sidewalk matters not; [h]is stopping of traffic on a public highway off-ramp was sufficient to establish the elements of the crime of [o]bstructing [h]ighways.

Trial Court Opinion, 8/30/16, at 3. Appellant argues that the record fails to establish that he obstructed the highway as there was no evidence that he rendered the Reedsdale Street ramp impassable without unreasonable inconvenience or hazard. As support, Appellant cites ***Commonwealth v. Battaglia***, 725 A.2d 192 (Pa. Super. 1999) in which this Court determined that the evidence did not support a finding that the defendant, who had blown a "cloud" of leaves onto the street, violated Section 5507. Specifically, this Court concluded:

- 4 -

We cannot find proof appellant committed this offense. The only evidence offered was the abbreviated testimony of the officer, who saw automobiles travelling both ways "swerving dangerously" to avoid the leaves appellant and the other individual were blowing towards the street. This evidence, disputed by appellant, does not establish a violation of Section 5507, which requires a finding appellant intentionally or recklessly rendered the roadway impassable.

If cars swerved, there is no evidence they were forced to do so in order to pass. The record does not show how long the officer watched in order to see traffic in both directions swerve, nor is there testimony of the vantage point from which he estimated the danger. There is no testimony about the speed of the swerving cars, the nature of the roadway, or whether there were parked cars or pedestrians nearby.

There is no evidence establishing the volume of leaves involved, except the testimony of appellant, who estimated there were about 30 to 40 gallons, enough to fill "a garbage bag". If this made a cloud, it was a small cloud. While one need not compile a wall of leaves to violate the statute, the record here has no evidence of quantity sufficient to amount to an impassable obstruction.

As a result, we are left with the officer's opinion the road was impassable without hazard, but without underlying facts sufficient to allow the finder of fact to reach the same conclusion, and appellant's conviction for obstructing highways cannot stand.

*Id.* at 194. As in **Battaglia**, Appellant argues, and the Commonwealth agrees, that the scant testimony offered by Sergeant Matakovich does not support the conclusion that Appellant rendered the Reedsdale Street off-ramp impassable without unreasonable inconvenience or hazard. Although, Sergeant Matakovich testified that he saw Appellant earlier in the day "up on the ramp", N.T., 10/27/15, at 7, there was no testimony as to where Appellant stood at that time and whether he caused the ramp to be

impassable. Moreover, the only testimony as to Appellant's location when he was on the exit ramp was that, "[h]e was on the side of the road, and he was stopping the cars as they came down the ramp." *Id.* at 6. As the Commonwealth concedes,

> It is unclear how [A]ppellant actually rendered the roadway impassable, either recklessly or intentionally. Although it can be inferred that [A]ppellant was stationed on the ramp while trying to sell tickets, stopping traffic in the process and creating a situation where drivers would place themselves and/or others at risk by trying to navigate the ramp, the Commonwealth submits that this inference is questionable based upon the testimony of record.

Commonwealth's Brief at 6. We agree. The evidentiary record in this case is woefully inadequate in establishing that Appellant caused the exit ramp to be impassable without unreasonable inconvenience or hazard.[5] As such, the evidence was insufficient to find Appellant guilty of violating Section 5507.[6]

_____

[5] In **Battaglia**, there was some testimony that vehicles swerved "dangerously" in order to avoid the leaves that were blown onto the street. Yet, this Court found that testimony insufficient to convict under Section 5507 since there was no evidence as to whether the road was impassable without hazard. Despite cars having to swerve in order to pass, we concluded the evidence was insufficient where there was no proof demonstrating the speed of the swerving cars, the nature of the roadway, or the location of parked cars or pedestrians. **Battaglia**, 725 A.2d at 194. Here, there is even less evidence. All that the record establishes is that Appellant "was on the side of the road, and he was stopping cars as they came down the ramp." N.T., 10/27/15, at 6.

[6] As we find that the evidence was insufficient to convict Appellant of obstructing the highway in violation of 18 Pa.C.S.A. § 5507, we need not
*(Footnote Continued Next Page)*

- 6 -

Conviction reversed. Judgment of sentence vacated. Jurisdiction relinquished.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/8/2017

---

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯

determine whether the trial court erred in finding Appellant guilty of a misdemeanor of the third degree as opposed to a summary offense.