J-S89022-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| FREDERICK MARION BARTON, JR. | |
| Appellant | No. 667 EDA 2016 |

Appeal from the Judgment of Sentence January 22, 2016
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0002373-2015

BEFORE: SHOGAN, J., MOULTON, J., and FITZGERALD, J.[*]

MEMORANDUM BY MOULTON, J.:                          **FILED APRIL 26, 2017**

Frederick Marion Barton, Jr. appeals from the January 22, 2016 judgment of sentence entered in the Chester County Court of Common Pleas following his bench trial conviction for the summary offense of harassment.[1] We affirm.

The trial court set forth the following factual history:

> In this case, the evidence showed that the owner of the building where [Barton] resided advised all tenants in May 2015 that they had to vacate the premises by June 30, 2015. Despite being aware of this, [Barton] did not leave his apartment. All other tenants had vacated the building by June 30, 2015. The locks to all doors, including [Barton's], were changed on July 1, 2015. [Barton] still did not leave. He spoke to Rochelle Jones, who used to be

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 2709(a)(1).

the building manager for the building to see if he could stay longer, but they were not able to come to an agreement. On July 3, 2015, Vincent Taliercio, who was the building manager at the time, went to [Barton's] apartment to try to work something out with him. When he got to [Barton's] apartment, he saw a note on the door that read "Will be out soon." He knocked on the door and advised who he was and why he was there. [Barton] was speaking to him through the door but did not open it. Mr. Taliercio used a key to open the door. As soon as he did so, [Barton] hit him with a sledgehammer. Mr. Taliercio pushed [Barton] back into the room, closed the door and called the police.

When Officer Lydell Nolt of Parksburg Police Department arrived at the scene, he saw the sledgehammer in the hallway. When he knocked on the door, [Barton] opened it and then slammed it in his face and locked it. Worried about his safety since he did not know what was going on behind the closed door, he used the key to open it. He was then able to get [Barton] out of the apartment with resistance.

Opinion Pursuant to Pa.R.C.P. 1925, 7/11/16, at 3 ("1925(a) Op.").

On January 22, 2016, following a one-day bench trial, the trial court found Barton guilty of harassment and not guilty of disorderly conduct.[2] That same day, the trial court sentenced Barton to 45 to 90 days' incarceration, with credit for time served.

Barton raises the following issue on appeal:

Whether the evidence was sufficient to prove that [Barton] intended to "harass, annoy, or alarm" Vincent Taliercio when Mr. Barton used a sledgehammer against Mr. Taliercio when Mr. Taliercio opened the door to Mr. Barton's apartment?

_____

[2] 18 Pa.C.S. § 5503(a)(1).

- 2 -

Barton's Br. at 4.

We apply the following standard when reviewing a sufficiency of the evidence claim:

> [W]hether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [finder] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Best*, 120 A.3d 329, 341 (Pa.Super. 2015) (quoting

*Commonwealth v. Harden*, 103 A.3d 107, 111 (Pa.Super. 2014)) (some

alterations in original).

A person is guilty of harassment "when, with intent to harass, annoy or alarm another, the person . . . strikes, shoves, kicks or otherwise subjects the other person to physical contact, or attempts or threatens to do the same[.]" 18 Pa.C.S. § 2709(a)(1). "An intent to harass may be inferred from the totality of the circumstances." *Commonwealth v. Cox*, 72 A.3d

719, 721 (Pa.Super. 2013) (quoting **Commonwealth v. Lutes**, 793 A.2d 949, 961 (Pa.Super. 2002)).

Barton contends that the Commonwealth failed to establish that he had an intent to "harass, annoy or alarm" Taliercio when he struck him.[3] Barton maintains that the evidence established that he struck Taliercio because he "was angry or upset" as Taliercio, whom he did not know, had opened Barton's door. Barton's Br. at 16-17.

In **Commonwealth v. Blackham**, 909 A.2d 315, 317, 319 (Pa.Super. 2006), this Court concluded there was sufficient evidence of physical contact with intent to harass, annoy, or alarm where, after observing an altercation between the victim and other children, the appellant grabbed the victim's arm, tugged on the victim's arm as they went up the street, and grabbed the back of the victim's neck. Similarly, in **Commonwealth v. Kirwan**, 847 A.2d 61, 63-64 (Pa.Super. 2004), this Court found sufficient evidence that the appellant acted with an intent to alarm where, as he was trying to leave the marital residence, the appellant lifted his wife and threw her to the ground.

_____

[3] Barton concedes that the evidence established that he subjected Taliercio to physical contact. Barton's Br. at 12. Although Taliercio testified that the injuries for which he sought medical attention were to his back, from when he pushed Barton back into the room, he also testified that the sledgehammer made contact with the front of his hand. N.T., 1/22/16, at 14.

Here, the Commonwealth presented sufficient evidence to support the conviction, including that Barton remained in the apartment after receiving notice that his lease was terminated; Barton placed a note on his door stating: "Will be out soon"; Taliercio identified himself as the building manager and explained why he was at the door; and Barton swung a sledgehammer and hit Taliercio when he opened door. Although Barton presented evidence that he struck Taliercio because Taliercio, whom Barton did not know, opened the door to Barton's apartment, the court as fact-finder was free to credit the testimony presented by the Commonwealth. **See Best**, 120 A.3d at 341. We conclude that a fact-finder could find that the Commonwealth established beyond a reasonable doubt that Barton had an intent to harass, annoy, or alarm Taliercio. **See Blackham**, 909 A.2d at 319; **Kirwan**, 847 A.2d at 63-64.

Barton's reliance on **Commonwealth v. Battaglia**, 725 A.2d 192 (Pa.Super. 1999), is misplaced. In **Battaglia**, a police officer saw the appellant blowing a "cloud" of leaves from an apartment building lawn into the street. 725 A.2d at 193. When asked to stop blowing the leaves into the street, the appellant complied and collected the leaves from the road. **Id.** The appellant, however, refused to clean leaves from a neighbor's yard across the street, and eventually said he was going to "fucking sue the police" for bothering him. **Id.** The police officer arrested the appellant. **Id.** At the police station, the appellant grabbed a pen from an officer. **Id.** The appellant was charged with harassment under 18 Pa.C.S. § 2709(a)(3),

which requires that the Commonwealth establish that the defendant "engage[d] in a course of conduct or repeatedly commit[ted] acts which alarm or seriously annoy such other person and which serve no legitimate purpose." The alleged course of conduct included: stating he was going to "fucking sue" the police, grabbing a pen from a police officer's hand, and refusing to remove leaves from a neighbor's lawn after being directed to by a police officer. *Id.* at 194. This Court determined that the Commonwealth failed to present sufficient evidence of harassment. *Id.* We found that the appellant's comment that he was going to sue the police was "a response to a perceived harassment," and found the evidence did not establish the comment was of a "non-legitimate nature." *Id.* Next, we found that the physical contact of touching the police officer's hand was *de minimis*, and the Commonwealth failed to establish the appellant grabbed the pen to harass, annoy or alarm the officer. *Id.* at 195. Finally, we found that the police officer's authority to require the appellant to rake a neighbor's yard was questionable and noted that there was no proof the appellant refused with an intent to harass, annoy, or alarm. *Id.*

The appellant in *Battaglia* was charged with a different section of the harassment statute than Barton – which required the Commonwealth to prove a course of conduct rather than physical contact. Further, *Battaglia*

is factually distinguishable – including that, unlike grabbing a pen, striking someone with a sledgehammer is not *de minimis*.[4]

In sum, we conclude the Commonwealth presented sufficient evidence that Barton struck Taliercio with an intent to harass, annoy, or alarm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/26/2017

_____

[4] Barton's reliance on **Commonwealth v. Showalter**, 418 A.2d 580 (Pa.Super. 1980), also is misplaced. In **Showalter**, the trial court had instructed the jury on aggravated assault, simple assault, and assault committed while in a fight or scuffle, and the jury convicted the appellant of simple assault. 418 A.2d at 582. Unlike the issue raised in this case, the **Showalter** Court did not address whether sufficient evidence supported a harassment conviction. Rather, the issue on appeal was whether the court erred in failing to instruct the jury as to harassment. The appellant claimed that harassment was a lesser-included offense of assault and that the trial court erred by not instructing the jury. **Id.** This Court found that the trial court did not err because neither version of the events indicated that the appellant acted with an intent to harass, annoy, or alarm the victim. **Id.**